

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2006

# Winfield v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2593

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Winfield v. USA" (2006). *2006 Decisions*. Paper 189.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/189

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**HLD-13    (October 2006)**                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2593
_____

ROBERT LEE WINFIELD, JR.,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. PA. Civ. No. 06-cv-00583)
District Judge: Honorable James M. Munley
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 13, 2006

Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

(Filed:  November 16, 2006)

_____

OPINION
_____

PER CURIAM

        Robert Lee Winfield, a federal inmate incarcerated at USP Allenwood in

Pennsylvania, appeals pro se from an order of the United States District Court for the

Middle District of Pennsylvania dismissing his habeas petition filed pursuant to 28 U.S.C.

§ 2241 for lack of jurisdiction. We will affirm.

In March 1996, a jury sitting in the United States District Court for the Eastern District of Virginia found Winfield guilty of, <u>inter</u> <u>alia</u>, conspiracy to distribute crack cocaine, engaging in a continuing criminal enterprise, murder while engaged in a continuing criminal enterprise and possession with intent to distribute 109.7 grams of marijuana. He was sentenced on July 29, 1996 to life imprisonment with a consecutive five year sentence on the possession charge. The Fourth Circuit Court of Appeals affirmed Winfield's judgment of conviction and sentence, and the Supreme Court denied certiorari. <u>See</u> <u>United States v. Williams</u>, 139 F.3d 896 (4th Cir. 1998)(table), <u>cert</u>. <u>denied</u> 524 U.S. 962 (1998). Winfield thereafter filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied by the District Court for the Eastern District of Virginia on March 17, 2000. The Fourth Circuit Court of Appeals denied Winfield's request for a certificate of appealability and, once again, the Supreme Court denied certiorari. <u>See</u> <u>United States v. Winfield</u>, 1 Fed. Appx. 118 (4th Cir. Jan. 5, 2001), <u>cert</u>. <u>denied</u> 532 U.S. 1044 (2001).

On March 21, 2006, Winfield filed the underlying § 2241 petition in the Middle District of Pennsylvania asserting that the sentencing court erred by imposing a five year sentence for the possession conviction. Winfield further argued that § 2255 is an inadequate or ineffective means of contesting his sentence because the sentencing judge made a mistake "and therefore cause and prejudice is absent for this claim to be heard on a section 2255 motion." <u>See</u> § 2255 motion at 6.

2

Winfield's petition was referred to a Magistrate Judge who issued a Report recommending that it be dismissed for lack of jurisdiction insofar as the challenge presented was clearly within the purview of § 2255. The District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the § 2241 petition, ruling that appellant's claim was essentially a sentencing claim and that he failed to show how a § 2255 motion was inadequate or ineffective to test the legality of his detention. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. For essentially the same reasons set forth by the District Court, we will summarily affirm the order of dismissal.

As the District Court properly concluded, a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Okereke, 307 F.3d at 120-21. See also Cradle, 290 F.3d at 539.

The "safety valve" provided under § 2255 is extremely narrow and has been held

to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal because of an intervening change in the law.  See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).  Such is not the case here.  Winfield makes no allegation that he is actually innocent of the crime for which he was convicted.  He only asserts that he should have received a lesser sentence.  The exception identified in In re Dorsainvil is simply inapplicable, and Winfield may not seek relief under § 2241.  This conclusion is unaffected by the District Court's statement – brought about by the erroneous information contained in the § 2241 petition – that Winfield had not previously sought relief under § 2255.  Winfield's recourse at this point is to seek permission from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion in the sentencing court in the Eastern District of Virginia.

Because the § 2241 petition was properly dismissed and no substantial question is presented by this appeal, appellee's motion for summary affirmance is granted and the District Court's order of dismissal entered on April 26, 2006 will be affirmed.  See Third Circuit LAR 27.4 and I.O.P. 10.6.

4